UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-167 |
| | ) | (PHILLIPS/SHIRLEY) |
| CHRISTOPHER ELLIS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER OF COMMITMENT FOR
## MENTAL EXAMINATION AND EVALUATION

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate. On December 11, 2008, this matter came before the Court for consideration of the defendant's December 5, 2008 Motion for Evaluation to Determine Mental Competency [Doc. 12], filed under seal, and on the defendant's Rule 12.2 Notice of Insanity Defense [Doc. 10]. Assistant United States Attorney Kelly Ann Norris represented the government. Attorney Jonathan A. Moffatt was present for the defendant, who was also present.

Attorney Moffatt stated that the defendant had a long history of mental health issues, including diagnoses of mental illnesses with treatment. The defendant's mental health history was confirmed by medical records and family members. The defendant has been on various medications in the past but is not presently following a treatment regime. Mr. Moffatt stated that based upon his experience with the defendant, the defendant is not able to assist with his defense. The government stated that it did not object to the competency evaluation.

The Court finds that reasonable cause exists to believe that the defendant may presently be suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The Court also finds reasonable cause exists to warrant a mental examination and evaluation of the defendant under 18 U.S.C. section 4241(a). The government requested that the defendant also be evaluated under 18 U.S.C. section 4242(a). Defense counsel agreed that this examination should take place as well. Because the defendant has given notice of his intent to raise an insanity defense and to eliminate the need for successive evaluations, the Court also grants an examination under section 4242(a) pursuant to Rule 12.2(c)(1)(B) of the Federal Rules of Criminal Procedure.

Accordingly, the Court **GRANTS** the defendant's request and the government's oral motion that the defendant undergo a mental evaluation for competency and sanity, and it is hereby **ORDERED**, pursuant to Title 18, Sections 4241(b), 4242(a), 4247(b) and 4247(c), of the United States Code, as follows:

> 1. The defendant shall remain in custody to await designation for confinement in a suitable facility for the purpose of conducting a psychiatric and/or psychological examination by one or more licensed or certified psychiatric and clinical psychologists. Once designation of the facility is received, the defendant shall be transported by the United States Marshal's office to such facility.
>
> 2. The purpose of the evaluation shall be:
>
>> a. for conducting psychiatric and psychological examinations by one or more licensed or certified psychiatrists and clinical psychologists;
>>
>> b. for the purpose of determining whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

  c. for the purpose of determining whether at the time of the offense charged, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts.

3. Pursuant to Rule 12.2(c), the defendant is to submit to such examinations as ordered above.

4. The defendant shall be given any necessary medications if determined appropriate by the medical staff at the facility.

5. The examiner and/or examiners designated to conduct such examinations shall, pursuant to Title 18, United States Code, Section 4247(c), file with the Court as soon as possible after the completion of such examinations, a report of their examinations with copies provided to counsel for the defendant and counsel for the United States, and said report shall include:

  a. the defendant's history and present symptoms;

  b. a description of the psychiatric, psychological and medical tests that were employed and their results;

  c. the examiners' findings;

  d. the examiners's opinions as to diagnosis and prognosis, and

  i) whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

  ii) whether at the time of the offense charged, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts.

6. Pursuant to Title 18, Section 4247(b), of the United States Code, the defendant shall be committed to the custody of the Attorney General for the purpose of such examinations for a reasonable period of time not to exceed **FORTY-FIVE (45) DAYS**, unless otherwise ordered by the Court.

7. The defendant shall be **FORTHWITH RETURNED** to the custody of the

United States Marshal no later than the expiration of the forty-five (45) day period.

8. A status conference and/or competency hearing is set for **March 9, 2009, at 2:00 p.m.** If the defendant has returned and the forensic report has been received prior to this time, the Court may schedule a competency hearing on an earlier date. If the defendant has not returned or the Court has not received the forensic report by this date, then the matter will proceed as a status conference.

9. The United States Marshal shall notify the Clerk of the Court and the undersigned's office promptly when defendant returns to this jurisdiction from the mental evaluation. If the defendant has returned in time, the marshals shall bring him to the **March 9, 2009** competency hearing/status conference.

10. Because of the length of time necessary to evaluate the defendant, the **January 14, 2009** trial of this case is **CONTINUED**. A new trial date will be set in this matter, upon the defendant's return to the district if he is found competent. The Court will address the scheduling of all other dates and deadlines in this case, including motion deadlines, motion hearings on pending motions, and the pretrial conference, at the competency hearing/status conference.

11. All time between the **December 11, 2008** hearing and the **March 9, 2009** competency hearing/status conference is fully excludable under the Speedy Trial Act. 18 U.S.C. § 3161(h)(8)(A), -(F), & -(H).

12. The Clerk is directed to serve copies of this order on counsel of record and to serve three certified copies on the United States Marshal.

**IT IS SO ORDERED.**

                                ENTER:


                                   s/ C. Clifford Shirley, Jr.
                                United States Magistrate Judge

4