UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-167 |
| | ) | (PHILLIPS/SHIRLEY) |
| CHRISTOPHER ELLIS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties appeared for a hearing on March 9, 2009. This hearing was originally scheduled as a competency hearing, but because no competency report has been completed and because the Defendant has not returned to the district, the hearing was converted to a status conference to address the status of the evaluation and treatment. Assistant United States Attorney Kelly Norris was present representing the Government. Attorney Jonathan Moffatt was present representing the Defendant, who was not present.

On December 12, 2008, the Court entered an Order of Commitment for Mental Examination and Evaluation [Doc. 14] as to the Defendant. The Court has not received notice that the Defendant has been committed to a federal medical center to begin treatment, nor has the Court received a completed forensic report or any other correspondence from any federal medical center since the entry of the Order of Commitment.

At the status conference, Attorney Moffatt stated that he has been checking the federal

1

inmate locator regularly to track the Defendant's progress. Attorney Moffatt explained that the federal inmate locator continues to show the Defendant is at the Oklahoma City transfer center, a hub which facilitates the movement of inmates to federal prisons or federal medical centers. Attorney Moffatt stated that his impression was that the Defendant has yet to arrive at the federal medical center where he is to be evaluated because Attorney Moffatt has not been contacted by a physician or psychologist stating that they have been assigned to evaluate the Defendant.

AUSA Norris stated that she had no additional information about the Defendant's status or whereabouts.

Based upon the foregoing, the Court finds that the Defendant almost certainly remains in transit to the facility at which he is going to be evaluated. Thus, the competency hearing in this matter must be reset to a date that allows time for: the Defendant to be transported to the facility at which he will be evaluated; an evaluation period of at least forty-five (45) days; and the Defendant to be transported back to this district. Accordingly, the Court has reset the competency hearing in this matter for June 15, 2009, at 10:00 a.m.

Further, the Court finds that the time between the hearing held on March 9, 2009, and the competency hearing set for June 15, 2009, is fully excludable for purposes of the Speedy Trial Act, as delay resulting from an examination and determination of the Defendant's mental competency. See 18 U.S.C. § 3161(h)(1)(A).

In summary,

1. Because the Defendant is in transit and has not yet arrived at a federal medical center for evaluation of his mental competency, the competency hearing is rescheduled for **June 15, 2009, at 10:00 a.m.**;

2. The Court finds that the time between the hearing held on March 9, 2009, and the competency hearing set for June 15, 2009, is fully excludable for purposes of the Speedy Trial Act; and

3. Upon the completion of the Defendant's evaluation and his discharge, the Defendant should be returned to this district as quickly as possible.

**IT IS SO ORDERED**

ENTER:

     s/ C. Clifford Shirley, Jr.
United States Magistrate Judge