UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:08-CR-167 |
| v. | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| CHRISTOPHER ELLIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. On June 10, 2009, the parties contacted the Court for a conference call regarding the status of this case. Assistant United States Attorney Kelly Noris appeared on behalf of the government and Attorney Jonathan Moffat appeared on behalf of the defendant.

During the telephone conference, the parties advised the Court that the Federal Medical Center in Lexington, Kentucky has completed its testing of defendant Ellis and has released the defendant for transport back to this District, but neither the defendant nor the final report as to the defendant's competency are expected to arrive in Knoxville before the first week of July. The parties orally moved the Court to continue the competency hearing in ths matter, currently set for June 15, 2009. For good cause shown, the parties' oral motion is hereby **GRANTED** and the competency hearing previously scheduled for June 15, 2009, is hereby **CONTINUED** to **July 16, 2009, at 1:30 p.m.**

Additionally, the Court finds that the ends of justice served by a continuance outweigh the interest of the defendant and the public in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A). The Court

finds that additional time is needed to transport defendant Ellis from the Federal Medical Center in Kentucky to this District, for the doctors who treated defendant Ellis to complete their report, for the Court to conduct a competency hearing as to defendant Ellis, and for the parties to then prepare for trial in light of the Court's determination on the competency issue. See 18 U.S.C. § 3161(h)(1)(A),(F), and (H); (h)(7)(A) and (B)(i). The Court finds that this could not take place before the June 15, 2009, competency hearing, or in less than one month. The Court further finds that it is impossible to proceed in this matter until the defendant is returned from the custody of the Federal Medical Center, and that any attempt to do so would result in a miscarriage of justice.

Accordingly, the Court finds that all time between the December 12, 2008, initiation of the competency evaluation and the July 16, 2009, competency hearing, is fully excludable time under the Speedy Trial Act. See 18 U.S.C. § 3161(h)(1)(A),(F), and (H); (h)(7)(A) and (B)(i).

In summary, it is **ORDERED** that:

(1) The parties' oral motion to continue the competency hearing is **GRANTED**;

(2) The competency hearing in this matter is reset for July 16, 2009, at 1:30 p.m. before the undersigned;

(3) All time between the December 12, 2008, initiation of the competency evaluation and the July 16, 2009, competency hearing, is fully excludable time under the Speedy Trial Act for the reasons set forth above.

**IT IS SO ORDERED.**

                                              **ENTER:**

                                              s/ C. Clifford Shirley, Jr.
                                              United States Magistrate Judge