UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| CHRISTOPHER ELLIS, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos: | 3:08-cr-167 |
| | ) | | 3:10-cv-412 |
| UNITED STATES OF AMERICA, | ) | | (VARLAN/SHIRLEY) |
| | ) | | |
| Respondent. | ) | | |

**MEMORANDUM AND ORDER**

This is a *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Christopher Ellis ("petitioner"). The matter is before the Court on various motions filed by the petitioner.

Petitioner has submitted confidential health records and moves that they be filed under seal. The motion to file the confidential health records under seal [Doc. 48] is **GRANTED**.

Petitioner has filed a motion to obtain a transcript of his sentencing hearing. The motion [Doc. 43] is **GRANTED**. The Clerk is **DIRECTED** to send petitioner a copy of his sentencing transcript.

Petitioner has also filed a motion to add issues to the § 2255 motion [Doc. 41], a motion for equitable tolling to allow him to amend the § 2255 motion [Doc. 45], and a motion for leave to amend the § 2255 motion [Doc. 46]. For the following reasons, these motions are **DENIED**.

A federal prisoner has one year in which to file a § 2255 motion. The limitation period generally runs from the date on which the judgment of conviction becomes final. In the event a petitioner did not file a direct appeal, the statute of limitation commences when the time for filing a direct appeal has elapsed. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) ("[A]n unappealed federal criminal judgment becomes final ten days after it is entered, for purposes of the § 2255 statute of limitations, at least where there has been no district court extension of appeal time for good cause or excusable neglect."). Judgment was entered in petitioner's case on August 27, 2010. Accordingly, petitioner had until September 10, 2011, within which to file his § 2255 motion.[1]

Petitioner timely filed his original § 2255 motion on September 23, 2010, in which he alleged five instances of ineffective assistance of counsel. [Doc. 34]. Petitioner's motion to add issues was filed on January 22, 2013, and his motion for equitable tolling and motion to amend the original § 2255 motion was filed on August 15, 2013. The question, then, is whether the motions to add issues and to amend are timely because they "relate back" to the original filing date.

"An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 640 (2005). *See also Oleson v. United States*, 27 F. App'x 566, 571, 2001 WL

---

[1] Effective December 1, 2009, a defendant's notice of appeal must be filed within 14 days after entry of the judgment of conviction. Fed. R. Crim. App. 4(b)(1).

2

1631828 *3 (6th Cir. December 14, 2001) ("Oleson's amendment does not escape the AEDPA statute of limitations by 'relating back' to previous claims -- Oleson's amendment raises an entirely new argument").

In his motion to add issues, petitioner merely states that he has discovered several flaws with his case that should have been addressed by counsel. He does not state what those flaws are. Accordingly, the motion to add issues does not relate back to his original pleading and it is time-barred.

Petitioner's motion for leave to amend raises new claims of ineffective assistance of counsel which are unrelated to his original claims of ineffective assistance, as well as a claim that his guilty plea was not entered voluntarily and knowingly. His new allegations do not relate back to the original pleading and thus are time-barred. Petitioner claims, nevertheless, that he is entitled to equitable tolling of the statute of limitation.

The Supreme Court has held that equitable tolling of a statute of limitation is available "in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citations omitted). "A habeas petitioner is entitled to equitable tolling only if two requirements are met. First, the petitioner must establish 'that he has been pursuing his rights diligently.' And second, the petitioner must show 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Hall v. Warden*, 662 F. 3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 130 S. Ct. at 2562). "The doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a

3

litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations and internal quotations marks omitted).

Petitioner alleges that his delay in filing the amendments to his § 2255 motion should be excused based upon his mental incapacitation. The Sixth Circuit has held:

> [A] petitioner's mental incompetence, which prevents the timely filing of a habeas petition, is an extraordinary circumstance that may equitably toll AEDPA's one-year statute of limitations. To obtain equitable tolling of AEDPA's statute of limitations on the basis of mental incompetence, a petitioner must demonstrate that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations. In short, a blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required.

*Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). *See also McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008) (citations omitted) ("mental incompetence is not a per se reason to toll a statute of limitation); *Price v. Lewis*, 119 F. App'x 725, 726 (6th Cir. 2005) (citations omitted) ("Illness--mental or physical--tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period."); *Nowak v. Yukins*, 46 F. App'x 257, 259 (6th Cir. 2002) (citations omitted) ("The mental incapacity of the petitioner can warrant the equitable tolling of the statue of limitations. The petitioner must make a threshold showing of incompetence, and demonstrate that the alleged incompetence affected [petitioner's] ability to file a timely habeas petition.").

Petitioner has submitted confidential medical records [Doc. 49, Under Seal] with respect to his admissions to Lakeshore Mental Health Institute in 1994 when he was 17 years

old and in November 2005 and June 2006, and his admission to Ridgeview Psychiatric Hospital in January 2007, all for substance abuse issues and psychotic behavior. Petitioner submitted these medical records is in support of his newly asserted claims that counsel should have pursued an insanity or diminished capacity defense in his case and that petitioner lacked the capacity to enter a knowing and intelligent guilty plea.

In support of his request for equitable tolling, however, petitioner simply states that he missed the deadline for filing the amended § 2255 motion based upon his mental incapacitation, which he claims was the result of his being medicated by the Federal Bureau of Prisons. Petitioner filed his original § 2255 motion within one month of his sentencing, and then a supplemental supporting Memorandum a month later. There is nothing in the record, other than petitioner's self-serving statement, to suggest that he was mentally impaired at that time and unable to include his new grounds for relief in the original § 2255. In fact, during the sentencing hearing, defense counsel told the Court that, although petitioner was having mental difficulties right after his arrest, he improved markedly while in the custody of the BOP and after being placed on medication. [Criminal Action No. 3:08-cr-167, Doc. 38, Transcript of Sentencing Hearing, pp. 9-10].

In addition, to the extent petitioner alleges he was not aware of the one-year statute of limitation, "[i]t is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *see also Harrison v. I.M.S.*, 56 F. App'x 682, 685 (6th Cir. 2003) ("Petitioner's alleged ignorance of legal matters does not demonstrate a lack of constructive knowledge of the filing deadline."); *Miller v.*

5

*Cason*, 49 F. App'x 495, 497 (6th Cir. 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition.").

Under the circumstances, petitioner has not demonstrated that he is entitled to equitable tolling of the statute of limitation. *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) ("'Absent compelling equitable considerations, a court should not extend limitations by even a single day.'") (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)). Accordingly, the motion to add issues [Doc. 41] is **DENIED**, the motion for equitable tolling [Doc. 45] is **DENIED**, and the motion for leave to amend [Doc. 46] is **DENIED**.

**E N T E R :**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE