UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| CHRISTOPHER ELLIS, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | Nos: | 3:08-cr-167 |
| v. | ) | | 3:10-cr-050 |
| | ) | | 3:10-cr-051 |
| UNITED STATES OF AMERICA, | ) | | 3:10-cr-060 |
| | ) | | 3:10-cv-412 |
| Respondent. | ) | | (VARLAN/SHIRLEY) |

## <u>MEMORANDUM</u>

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Christopher Ellis ("petitioner"). The government has filed its response to the motion. For the following reasons, the § 2255 motion to vacate will be **DENIED** and this action will be **DISMISSED**.

## I.      Standard of Review

This Court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

## II. Factual Background

Pursuant to a written plea agreement, petitioner pleaded guilty to the following criminal charges in several criminal cases involving multiple jurisdictions: carjacking (three counts); using, carrying, and brandishing a firearm during and in relation to a crime of violence (two counts); and bank robbery by force, violence and intimidation (one count). Petitioner received an agreed-upon total effective term of imprisonment of 384 months and one day pursuant to Fed. R. Crim. P. 11(c)(1)(C). [Criminal Action No. 3:08-cr-167, Doc. 33, Judgment, p. 2]. In support of his § 2255 motion, petitioner alleges several instances of ineffective assistance of counsel.

## III. Discussion

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance

2

prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, petitioner bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Petitioner alleges that his attorney (1) failed to fully explain to petitioner the options available to him prior to signing the plea agreement; (2) failed to review the Presentence Report with him; (3) failed to file any objections to the Presentence Report; (4) failed to file

3

a Sentencing Memorandum; and (5) failed to prepare petitioner for allocution during sentencing. The Court will consider these allegation in turn.

### A. Alleged Failure to Explain Options

This allegation of ineffective assistance of counsel is contradicted in the record. Petitioner's plea agreement stated the charges to which he was pleading guilty as well as the maximum punishment for each offense. [Criminal Action No. 3:08-cr-167, Doc. 29, Plea Agreement, pp. 2-3, ¶¶ 1-4]. The plea agreement stated the parties' agreement, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, that "a total sentence of imprisonment of thirty-two (32) years and one (1) day, which is three hundred eighty-four (384) months and one (1) day, followed by a term of supervised release, is the appropriate disposition of this case." [*Id*. at 3, ¶ 5]. Petitioner stipulated to the facts which supported his guilty plea. [*Id*. at 5, ¶ 8]. Petitioner also acknowledged the rights he was giving up by pleading guilty. [*Id*. at 7, ¶ 9].

In accepting petitioner's guilty plea, the Court fully complied with the plea colloquy procedure as mandated by Rule 11 of the Federal Rules of Criminal Procedure. [*Id*., Doc. 39, Transcript of Change of Plea]. The Court first determined that petitioner was 33 years old with a high school GED. [*Id*. at 4]. The Court next determined that petitioner was competent to enter a guilty plea. [*Id*. at 5]. The Court also determined that petitioner had ample opportunity to discuss the charges against him with his lawyer; that he had told his lawyer everything he know about the case; that his lawyer had advised him as to the nature and meaning of the charges against and the elements of the offenses charged; that his lawyer

4

had explained the terms of the plea agreement to him; and that he was satisfied with his attorney's advice. [*Id*. at 5-6].

The Court then advised petitioner of the rights he was giving up by pleading guilty. [*Id*. at 6-8]. Petitioner was specifically asked whether any person had pressured him to plead guilty and whether any officer or agent of the government had suggested he would receive a lighter sentence by pleading; he answered "No, sir" to both questions. [*Id*. at 8]. At the Court's request, the government stated on the record the charges against petitioner, the elements of the offenses, the factual bases for the guilty plea, and the minimum and maximum penalties that petitioner was facing. [*Id*. at 9-16].

Upon questioning by the Court, petitioner acknowledged his understanding of the charges against him and the elements of each charge, as well as the potential punishment. [*Id*.]. Petitioner stated that he was pleading guilty because he was in fact guilty of the charges. [*Id*. at 16-19]. The Court determined petitioner understood that, although he had entered into a Rule 11(c)(1)(C) agreement for a specific sentence, the Court was not bound to accept that agreement. [*Id*. at 20]. The Court then took the plea agreement under advisement pending completion of the presentence report. [*Id*.]. The Court next accepted the plea agreement. In doing so, the Court found as follows:

> Defendant is in full possession of his faculties and is competent to plead guilty. Defendant is not under the influence of narcotics or other drugs or alcohol. Defendant has knowingly waived his constitutional rights to trial and the other rights accorded to individuals accused of crime.

5

The defendant understands the nature of the charges to which the pleas have been offered and the maximum and minimum penalties provided by law for the charged offenses.

Defendant has offered to plead guilty knowingly and voluntarily, he understands the plea agreement that has been made on his behalf in this case, and, accordingly, the pleas of guilty will be accepted.

[*Id*. at 23].

The Court of Appeals for the Sixth Circuit has held that a defendant's sentence will not be vacated on the ground that the plea of guilty was coerced or is otherwise illegal where the defendant was "carefully interrogated by the trial judge with respect to the offenses committed," where the defendant was represented by "competent counsel," and where the defendant "discussed the offenses freely and voluntarily and freely admitted guilt, while fully aware of [his] rights." *United States v. Parker*, 292 F.2d 2,3 (6th Cir. 1961). It is well-settled that where a Court scrupulously follows the requirements of Fed. R. Crim. P. 11, "'the defendant is bound by his statements in response to that court's inquiry.'" *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (quoting *Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir. 1976)). *See also Warner v. United States*, 975 F.2d 1207 (6th Cir. 1992) (defendant's "decision to lie to the district court cannot amount to prejudice").

Based upon the foregoing, petitioner cannot now allege that he was not aware of his options, which were to accept the plea agreement offered by the government or persist in his plea of not guilty and go to trial on the charges against him. The record reflects that petitioner knowingly and voluntarily signed the plea agreement and pleaded guilty, with full

knowledge of the consequences of his guilty plea. This claim of ineffective assistance of counsel lacks merit.

### B. Alleged Failure to Review Presentence Report

Petitioner's claim that his attorney did not review the Presentence Report with him is contradicted in the record. During the sentencing hearing, petitioner was asked if he had received a copy of the Presentence Report and if he had had enough time to go over the Presentence Report with his attorney; he answered "Yes, sir" to both questions. [Criminal Action No. 3:08-cr-167, Doc. 38, Transcript of Sentencing Hearing, pp. 5-6]. This claim of ineffective assistance of counsel lacks merit.

### C. Alleged Failure to File Objections to the Presentence Report

Petitioner does not state what objections should have been filed. Pursuant to the plea agreement, he received a substantial reduction in his sentence. Based upon petitioner's offense level of 30 and a criminal history category of III, petitioner's advisory guideline sentencing range was 121-151 months, in addition to the mandatory minimum consecutive term of 32 years on the § 924(c) convictions, for a total restricted guideline range of life. The Court accepted the plea agreement and sentenced petitioner to the agreed term of imprisonment of 384 months and one day. [*Id*. at 14, 18]. The Court specifically found "that the 11(c)(1)(C) recommendation by the parties in this case is sufficient, but not greater than necessary, to comply with the purposes of 18 United States Code § 3553(a). [*Id*. at 19]. Counsel was not ineffective in failing to file objections to the Presentence Report because petitioner received what he bargained for.

7

### D.  Alleged Failure to File a Sentencing Memorandum

Petitioner does not state the benefit he would have received had counsel filed a Sentencing Memorandum. Petitioner got the benefit of a reduced sentence by agreement with the government. In addition, at sentencing defense counsel gave a lengthy statement on the record of petitioner's struggles with substance abuse, the strong support he had from his family, and his attempts to better himself. [*Id*. at 8-11]. This claim of ineffective assistance of counsel lacks merit.

### E.  Alleged Failure to Prepare Petitioner for Allocution

During sentencing, petitioner was asked if he wanted to say anything before the Court pronounced sentence. [*Id*. at 12]. Other than commenting on the facility where he preferred to serve his sentence, petitioner indicated he had nothing further to say. [*Id*.]. Petitioner was sentenced to the term agreed to by the parties. He does not state what he should have been prepared to say during allocution. This claim of ineffective assistance of counsel lacks merit.

Based upon the foregoing, petitioner has failed to demonstrate that he received ineffective assistance of counsel under the standard set forth in *Strickland*.

## IV.  Conclusion

Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner

having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

      **AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE